**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Dominique Alexander JONES, a/k/a
Big Nique, a/k/a Nique,
Defendant–Appellant.**

No. 15–6478.

United States Court of Appeals,
Fourth Circuit.

Submitted: Sept. 10, 2015.

Decided: Sept. 23, 2015.

Dominique Alexander Jones, Appellant Pro Se. Jennifer P. May–Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Dismissed in part; affirmed in part by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dominique Jones appeals the district court's orders dismissing his 28 U.S.C. § 2255 (2012) motion as successive but unauthorized, and treating his Fed.R.Civ.P. 60(b) motion as a successive § 2255 motion and dismissing it on the same basis. On appeal, Jones re-asserts his challenges to his underlying conviction, and argues that his postjudgment motion is not a successive § 2255 motion, but is in fact a true Rule 60(b) motion.

To the extent Jones appeals from the district court's dismissal of his § 2255 motion, he needs a circuit justice or judge to issue a certificate of appealability in order to proceed. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When, as here, the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack v. McDaniel,* 529 U.S. 473, 484–85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Federal prisoners are prohibited from filing "second or successive" collateral attacks on a conviction or sentence absent preauthorization from a federal circuit court. 28 U.S.C. § 2255(h). Because Jones fails to demonstrate that the district court's ruling that he lacked authorization to submit a successive § 2255 motion was debatable, we deny a certificate of appealability and dismiss this portion of the appeal.

Jones does not, however, require a certificate of appealability in order for us to determine whether his postjudgment motion was a § 2255 motion, a true Rule 60(b) motion, or a hybrid of both. *United*

*States v. McRae,* 793 F.3d 392, 400 (4th Cir.2015). A district court must treat a Rule 60(b) motion as a successive collateral review application "when failing to do so would allow the applicant 'to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.' " *United States v. Winestock,* 340 F.3d 200, 206 (4th Cir.2003) (quoting *Calderon v. Thompson,* 523 U.S. 538, 553, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998)). In distinguishing between a proper motion for reconsideration and a successive application, we have stated that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." *Id.* at 207.

After reviewing the record, we conclude that the district court properly construed Jones' postjudgment motion as a successive § 2255 motion because in it, Jones attacks his conviction without attempting to remedy some defect in the collateral review process. Because Jones previously filed a § 2255 motion and has not received authorization to submit a successive § 2255 motion, we affirm the district court's order dismissing his postjudgment motion, reconstrued as a § 2255 motion, for want of jurisdiction.

Under our holding in *Winestock,* we must construe Jones' notice of appeal and informal brief as an application to file a second or successive § 2255 motion. *Winestock,* 340 F.3d at 208. In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that ... would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Jones' claims satisfy neither of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We also deny Jones' motions to appoint counsel and for default judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART; AFFIRMED IN PART.*